United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEM MORENO SANCHEZ, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:25-cv-05384 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| JOE M. SMITH, *et al*, | § | |
| Respondents. | § | |

### OPINION AND ORDER ON DISMISSAL

Petitioner Sem Moreno Sanchez is a citizen of Venezuela who entered the United States on March 5, 2024, using the CBP One app. Dkt 1 at ¶¶21, 23. He was paroled that same day into the United States pursuant to 8 USC §1182(d)(5) pending removal proceedings. See Dkts 1 at ¶¶23–24 & 9-1 at ¶10 (declaration of deportation officer John Linscott); see also Dkts 1-4 (I-94 form) & 1-5 (notice to appear).

Petitioner appeared for hearing before an immigration judge in New York on May 28, 2025. Dkt 1 at ¶30. Immediately after, Enforcement and Removal Operations took him into custody and terminated his parole under §1182(d)(5). Dkts 1 at ¶¶30–31 & 9-1 at ¶¶12–13. Petitioner was then transferred to the Joe Corley Detention Center in Conroe, Texas, where he currently remains. Dkts 1 at ¶15 & 9-1 at ¶14.

Pending is a petition for a writ of *habeas corpus,* by which Petitioner challenges revocation of his parole and his continued detention. See Dkt 1. It alleges violations of (i) the Administrative Procedures Act, (ii) procedural due process, and (iii) substantive due process. Id at ¶¶38–59.

Pending also is a motion by the Government for summary judgment. Dkt 9. It maintains that (i) 8 USC §1252(a)(2)(B)(ii) bars jurisdiction to review revocation of parole, and (ii) Petitioner's detention is lawful under 8 USC §1225. Ibid.

1. APA claim

Petitioner argues, "By categorically revoking [his] parole, without considering his individualized facts and circumstances, Respondents have violated the APA." Dkt 1 at ¶42. The Government contends that §1252(a)(2)(B)(ii) is a jurisdictional bar to review because parole decisions are discretionary. Dkt 9 at 5–7.

Under 8 USC §1252(a)(2)(B), Congress precluded judicial review as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> . . .
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The provision governing parole, §1182(d)(5)(A), falls within the referenced "subchapter." See *Kucana v Holder*, 558 US 233, 239 n 3 (2010). It thus governs decision in this case.

The Supreme Court holds that this jurisdictional bar applies to any decision or action made discretionary by

statute. *Kucana*, 558 US at 246–49. And the text of §1182(d)(5)(A) clearly leaves such parole determinations to the discretion of the Attorney General. It states with emphasis added:

> The Attorney General may . . . *in his discretion* parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, *in the opinion of the Attorney General,* have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

As such, Congress has stripped courts of jurisdiction to review such parole determinations.

The APA doesn't provide means by which to circumvent that jurisdictional bar. The APA authorizes judicial review of agency action "except to the extent that" "(1) statutes preclude judicial review;" or "(2) agency action is committed to agency discretion by law." 5 USC §701(a). Both exceptions apply here. Section 1252(a)(2)(B) precludes judicial review of such parole decisions, which Congress has committed to executive discretion under §1182(d)(5)(A). Judicial review is thus unavailable under the APA.

Beyond this, Petitioner didn't respond to the Government's contention that he's lawfully detained under 8 USC §1225. See Dkts 9 at 3–5 (Government response) & 11 (Petitioner supplemental filing). But for the avoidance of doubt, Petitioner is lawfully detained under §1225(b)(1)

for reasons stated in the Government's response. See Dkt 9 at 3–5. In short, his parole didn't confer legal status upon him. See §1182(d)(5)(A) (stating that "such parole of such alien shall not be regarded as an admission"); see also *Duarte v Mayorkas*, 27 F4th 1044, 1058 (5th Cir 2022): "[P]arole creates something of legal fiction; although a paroled alien is physically allowed to enter the country, the legal status of the alien is the same as if he or she were still being held at the border waiting for his or her application for admission to be granted or denied." The decision by DHS to revoke parole thus simply returned Petitioner to his pre-parole status—an arriving alien subject to mandatory detention under §1225(b)(1).

It's further noted by the Government that, generally, individuals subject to §1225(b)(1) are in expedited removal proceedings. Dkt 9 at 4. As explained below, that isn't the case here. But even if Petitioner doesn't fall within the ambit of §1225(b)(1) for that reason, he would instead be an "applicant for admission" under §1225(b)(2)(A). See also §1225(a)(1): "An alien present in the United States who has not been admitted . . . shall be deemed for purposes of this chapter an applicant for admission." The result would be the same, being that he is not at present unlawfully detained.

### 2. Procedural due process

Arguments by Petitioner as to procedural due process arise from objection to his placement in expedited removal proceedings. See Dkt 1 at ¶¶44–50. The Government confirmed that, although it initially attempted to place Petitioner in such proceedings, an immigration judge denied such attempt. Dkt 9 at 8.

Petitioner thus remains in standard removal proceedings under §1229a. Dkt 9 at 7–8. This means in turn that this contention is moot.

### 3. Substantive due process

Petitioner also contends that detention is unjustified in light of the twin goals of immigration detention, being the prevention of flight and the mitigation of danger to the

4

community. See Dkts 1 at ¶¶52–59, citing *Zadvydas v Davis*, 533 US 678, 690 (2001).

The Supreme Court states, "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v Kim*, 538 US 510, 523 (2003), quoting *Reno v Flores*, 507 US 292, 306 (1993). But it further observes, "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore*, 538 US at 521, quoting *Mathews v Diaz*, 426 US 67, 79–80 (1976). It's thus the "longstanding view" of the Supreme Court that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore*, 538 US at 526.

Petitioner argues that mandatory detention at this stage violates his due process rights. He cites *Zadvydas v Davis* for its proposition that freedom from imprisonment, including government detention, is central to the liberty protected by the Fifth Amendment. See Dkt 1 at ¶47, citing 533 US at 690. But the Supreme Court in *Zadvydas* explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." *Zadvydas*, 533 US at 697; see also *Demore*, 538 US at 523 (recognizing such distinction in *Zadvydas*). *Zadvydas* thus doesn't suggest that detention during removal proceedings *itself* violates due process. Instead, as the Supreme Court in *Demore* later stated, "Detention during removal proceedings is a constitutionally permissible part of that process." 538 US at 531.

As such, his present detention isn't contrary to due process of law.

### 4. Conclusion

The motion for summary judgment by the Government is GRANTED. Dkt 9.

The petition for writ of *habeas corpus* by Petitioner Sem Moreno Sanchez is DENIED. Dkt 1.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on December 19, 2025, at Houston, Texas.

*/s/ C R Eskridge*
Honorable Charles Eskridge
United States District Judge